**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Clarence Kenneth Voigt, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | **RE § 1915 SCREENING** |
| | ) | |
| State of North Dakota, | ) | Case No. 1:07-cv-008 |
| | ) | |
| Defendant. | ) | |

## I. BACKGROUND

On February 9, 2006, the plaintiff, Clarence Kenneth Voigt ("Voigt"), lodged a *pro se* complaint with this court. In addition, he filed an application to proceed *in forma pauperis*. What follows is the undersigned's recommendation as to how the court should proceed with the Voigt's aforementioned complaint and application.

## II. DISCUSSION.

### A. Causes of Action

The crux of Voigt's complaint is that North Dakota Supreme Court Disciplinary Board members discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act ("ADA") and otherwise conspired to interfere with his civil rights. In his complaint, he alleges:

> On September 29, 2006 I appeared before the North Dakota Supreme Court Disciplinary Board, "The inquiry Committee West of the State Bar Association." Present that day at this meeting were, Patricia E. Garrity, Chair: Sandra K. Kuntz, Member: LaRoy Baird III, Member: Kathryn Keiser, Member: Sean Smith, Vice Chair: Gary Ladbury, Member: Karey Vasey, Member: and Ross L. Sundeen, Member:

I was at this meeting because I had sent a complaint to the Disciplinary Board and I was asked before this meeting to appear if I wanted to. I received this request from Patricia E. Garrity. I was actually at this meeting on September 29 because I had filed two complaints against two different Attorneys. When we were done discussing my complaint about the first Attorney I was told by Patricia Garrity that the meeting was now over and that I could now leave. When I ask her about the second attorney that I had also filed a complaint against if we were going to now discuss the complaint about the second attorney. This attorneys name is Thimothy (sic) J. Wahlin, with the ND Workforce Safety & Insurance. I was told by Patricia Garrity, that we would not be discussing my complaint today against Mr. Wahlin, but would do so at a latter date I then left the Committee room There also were no Aids made available to me at this meeting for my hearing impairment.

In a letter dated November 1, 2006 I received from Paul W. Jacobson of the Disciplinary Board he said, "The Inquiry Committee from the West of the State Bar Association met on September 29, 2006, in Bismarck, ND and that the board had considered the complaint about the first attorney and dismissed that complaint. In a second letter from Paul Jacobson dated November 2, 2006 he said, "The inquiry Committee West of the State Bar Association of North Dakota had met on September 29, 2006, in Bismarck ND and that the Committee had considered the complaint against Timothy J. Wahlin. The Committee determined that the information provided did not indicate misconduct or or disability. Therefore, there was no investigation and that the matter has been SUMMARILY DISMISSED.

I allege that I was discriminated against by all of the persons named in the above complaint. I was left unable to participate fully in the programs, activities, or services that were offered by the Supreme Court Disciplinary Board.

I further allege, that there was a conspiracy to interfere with my Civil Rights, A conspiracy against rights.

**B.      Standard Governing Review**

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may deny an application if it concludes the action is frivolous or

malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).[1]

In applying the provisions of § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction  and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996).  In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional).  "A complaint is frivolous if it lacks an arguable basis in law or fact."  Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)).  "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory."  Id.

### C. 28 U.S.C. § 1915(e)(2) Screening

Voigt is dissatisfied with the Disciplinary Board's dismissal of the two complaints he filed. And it is this dissatisfaction that constitutes the sole basis for his conspiracy claims.  His complaint

---

[1] 28 U.S.C. § 1915(e)(2) states the following:
(2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
    (A)  The allegation of poverty is untrue; or
    (B)  the action or appeal–
        (i)  is frivolous or malicious
        (ii)   fails to state a claim on which relief may be granted; or
        (iii)  seeks monetary relief against a defendant who is immune from
        such relief.

does not set forth specific facts concerning the alleged conspirators' acts. Rather, it contains rather conclusory allegations.

The mere denial of his two complaint is insufficient to support an inference that the members of the Disciplinary Board conspired against him. Accordingly, as Voigt's claims appear baseless, fanciful, fantastic, or delusional, the undersigned concludes that Voigt has not set forth a cause of action for conspiracy. The undersigned reaches the same conclusion with respect to Voigt's ADA claim.

In order to establish an violation of Title II of the ADA, a plaintiff must show: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the entity; and (3) that such exclusion, denial of benefits or other discrimination was by reason of his disability. See Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1988). Notably, there is nothing in Voigt's complaint alleging that was he was excluded from the Disciplinary Board's activities. Moreover, there is nothing in his complaint to suggest that he had requested an assistive device, which begs the question whether Disciplinary Board members were even aware of his alleged disability or of his purported need for auxiliary aids. Finally, Voigt does not allege any discrimination by Disciplinary Board members by reason of his disability.

### III.   CONCLUSION AND RECOMMENDATION

It is clear beyond a doubt that the complaint fails to state a federal claim upon which relief can be granted within the meaning of 28 U.S.C. § 1915(e)(2). Accordingly, it is **RECOMMENDED** that the application to proceed *in forma pauperis* be denied without prejudice

to the claims set forth in the proposed complaint.  See Denton v. Hernandez, 504 U.S. at 34; Wilson v. Johnston, 68 Fed.Appx. 761 (8th Cir. 2003) (*per curiam*).

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken.

Dated this 2nd day of March, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.,
United States Magistrate Judge